**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| CHRISTOPHER LLOYD HARGROVE, )<br>ID # 09-58347, )<br>        Plaintiff, )<br>vs. )<br>   )<br>WILLIAM FORTNER, et al., )<br>        Defendants. ) | No. 3:10-CV-0362-D-BH<br><br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3-251*, this action has been referred for screening.

**I. BACKGROUND**

Plaintiff, a parolee currently incarcerated in the Kaufman County Jail on pending charges and/or a parole revocation, brings this action under 42 U.S.C. § 1983 against Facility Physician William Fortner ("Dr. Fortner" or "doctor"), Kaufman County Sheriff David Burns ("Sheriff"), and Jail Administrator Carla Stone("Administrator") for alleged violations of his constitutional rights. (Compl. at 3-4; Answers to Magistrate Judge's Questionnaire ("MJQ")[1], Answers 1-8.)

When Plaintiff arrived at the Kaufman County Jail on November 14, 2009, he immediately requested treatment for an injured ankle. (Compl. at 4; MJQ, Answer 7.) His ankle was swollen, his range of motion was limited due to pain, and he limped. (MJQ, Answer 5.) He did not see a doctor for a week. (Compl. at 4; MJQ, Answer 5.) When Dr. Fortner examined the ankle in November, December, and January, he "seemed at a loss of what to do." (MJQ, Answer 1.) He refused to order additional tests even though he allegedly told Plaintiff that the condition was "not

---

[1] Answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). In his answers, Plaintiff has dropped his claims against the Kaufman County Sheriffs Dept. because it is a non-jural entity that is not subject to suit. (*See* MJQ, Answer 4.)

normal", that Plaintiff should be better, and that he might have ligament or tendon damage. (Compl. at 4; MJQ, Answer 1.) According to Plaintiff, no one knows what is causing the ankle problem but he remains in pain, he cannot walk without a limp, and he fears permanent damage from the lack of treatment. (MJQ, Answers 5-6.) Although he has seen the doctor "several times", has been given aspirin, and has had an X-ray taken, he believes additional tests are needed. (MJQ, Answers 1, 7.) He claims that Dr. Fortner has refused to provide proper medical treatment. (Compl. at 3.)

Plaintiff sues Sheriff Burns because he supervises the Kaufman County Jail. (Compl. at 3-4; MJQ, Answer 2.) He sues the Administrator because she supervises staff, has failed to address or respond to grievances about his medical care, and has failed to answer a request for bottom bunk pass. (Compl. at 3-4; MJQ, Answer 3.) Plaintiff seeks medical treatment and monetary damages. (Compl. at 4.) No process has been issued in this case.

## II. PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on

an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

### III. SECTION 1983

Plaintiff seeks medical treatment and monetary damages under 42 U.S.C. § 1983. Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

#### A. Claims Against Doctor

Plaintiff claims that Dr. Fortner failed to provide proper medical treatment.

The Constitution requires humane conditions of confinement, which includes the receipt of adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).[2] Prison officials violate this requirement only when (1) the deprivation is "objectively, 'sufficiently serious'" in that the alleged act or omission results "in the denial of 'the minimal civilized measure of life's necessities'" and

---

[2] A pretrial detainee's constitutional rights related to conditions of confinement "flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment" rather than from the prohibition against cruel and unusual punishment contained within the Eighth Amendment. *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc) (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)). However, since basic human needs such as medical care are the same for pretrial detainees and convicted inmates, the same standards apply under both amendments. *Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001).

3

(2) the official had "a 'sufficiently culpable state of mind.'" *Id.* at 834 (citations omitted). The objective component requires deprivation of a sufficiently serious medical need "[b]ecause society does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

To satisfy the second component, the officials must be deliberately indifferent "to a substantial risk of serious harm to an inmate." *Farmer*, 511 U.S. at 828. This state of mind requires more than negligence but less than intent to cause harm or knowledge that harm will result from the acts or omissions. *Id.* at 835. An official is deliberately indifferent when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

This state of mind "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citations and internal quotation marks omitted). An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't Crim. J.*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)). Similar conduct includes intentionally "delaying access to medical care" and "interfering with treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). On the other hand, a failure to provide additional treatment may show medical malpractice but not deliberate indifference; decisions to provide additional treatment are matters of medical judgment. *Id.* at 107. Neither an incorrect diagnosis, *Domino*, 239 F.3d at 756, nor mere disagreement with medical treatment, *Gobert*, 463 F.3d at 346; *Gibbs v. Grimmette*, 254

F.3d 545, 549 (5th Cir. 2001), suffice to state a claim. Constitutionally adequate care does not ensure that an inmate will agree with every treatment decision. *See Estelle*, 429 U.S. at 107-08.

Here, Plaintiff does not claim that Dr. Fortner refused to treat him, ignored his complaints, intentionally treated him incorrectly, interfered with prescribed treatment or otherwise showed a wanton disregard for Plaintiff's serious medical need. Plaintiff just disagrees with the treatment he has received and Dr. Fortner's failure to provide additional treatment requested by Plaintiff. Because the facts alleged do not support an inference that Dr. Fortner was deliberately indifferent to a substantial risk of serious harm, Plaintiff fails to state a claim upon which relief can be granted.

**B. Claims Against Sheriff**

Plaintiff sues Sheriff Burns solely because he supervises the Kaufman County Jail. (*See* Compl. at 3-4; MJQ, Answer 2.)

To prevail against a supervisor under 42 U.S.C. § 1983, a plaintiff must show that (1) the supervisor's conduct directly caused a constitutional violation, or (2) the supervisor was "deliberately indifferent" to a violation of a constitutional right. *Breaux v. City of Garland*, 205 F.3d 150, 161 (5th Cir. 2000). The acts of a subordinate "trigger no individual § 1983 liability." *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999). There must be some showing of personal involvement by a particular individual defendant to prevail against such individual. *Id.*

Here, the complaint does not allege that Sheriff Burns was personally involved in any alleged constitutional violation, directly or indirectly caused any alleged constitutional violation, or was deliberately indifferent to a violation of Plaintiff's constitutional rights. It does not identify any policy that impinged his constitutional or federally protected rights. Plaintiff's claims against the Sheriff are based solely on his supervisory role, and he therefore fails to state a plausible claim.

**C. Claims Against Administrator**

Plaintiff sues the Administrator because she failed to address or respond to grievances about his medical care, failed to answer a request for bottom bunk pass, and supervised staff who did not answer medical requests. (Compl. at 3-4; MJQ, Answer 3.)

Inmates have no constitutional or federal right to a prison grievance procedure, *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994), and no due process liberty interest in having their grievances resolved to their satisfaction, *see Geiger v. Jowers*, 404 F.3d 371, 374-75 (5th Cir. 2005). Nor is there a constitutional or federal right to a specific bunk, and the failure to provide a bottom bunk is not objectively sufficiently serious to violate the constitutional requirement of humane conditions of confinement. Further, Plaintiff's allegations do not support an inference that the Administrator was deliberately indifferent to a substantial risk of serious harm to him. Plaintiff makes no allegation that it was medically necessary that he be assigned to a lower bunk, that the Administrator intentionally interfered with prescribed treatment, or otherwise engaged in conduct which shows a wanton disregard for a serious medical need. In the absence of a violation of a constitutional or federal right, the alleged omissions fail to state a claim upon which relief can be granted under § 1983.

Plaintiff also sues the Administrator in her supervisory capacity, but he does not allege that she was personally involved in the failures to answer medical requests or that she directly caused any constitutional violation relating to the medical requests. He does not allege that she was deliberately indifferent to any violation of his constitutional rights. Plaintiff has alleged insufficient facts to state a plausible claim against the Administrator in her supervisory capacity.

## IV. RECOMMENDATION

Plaintiff's complaint should be summarily **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[3]

**SIGNED this 11th day of March, 2010.**

*(signature)*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*(signature)*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] Section1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.